

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 2, 1975

The Honorable John P. Parsons
Commissioner
Texas Credit Union Department
1106 Clayton Lane, Suite 206-East
Austin, Texas 78723

Dear Mr. Parsons:

Opinion No. H- 599

Re: Maximum rate of interest
which may be charged by
state chartered credit
unions on first mortgage
real estate loans

You have requested our opinion regarding the maximum rate of interest which may be charged by state chartered credit unions on first mortgage real estate loans.

Article 16, section 11 of the Texas Constitution sets out the basic Texas usury law. It provides, in pertinent part:

> The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six per centum (6%) per annum.

Article 5069-1. 02, V. T. C. S., implements this constitutional provision:

> Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious.
> . . .

Both article 5069-1. 02 and the constitutional provision declare any annual percentage rate in excess of ten percent to be usurious, but permit statutory

exceptions.   The Credit Union Act provides such an exception for "credit unions" as defined by article 2461-1, V. T.C.S.:

> No loan shall bear an interest rate in excess of one
> percent per month on the unpaid monthly balance.
> V. T. C. S., art. 2461-15(e).

By Acts 1973, 63rd Leg., ch. 440, sec. 6, p. 1217, there was deleted from article 2461-15 of the Texas Credit Union Act a provision which first appeared in 1969 when the new Texas Credit Union Act, (V. T. C.S., art. 2461-1, et seq.) replaced the former credit union statute, (V. T. C. S., art. 2462).   The deleted provision read:

> (i)  No credit union may charge more than ten
> percent simple interest on loans secured by a
> mortgage on real estate.

Prior to the insertion of the above language in the 1969 Credit Union Act, credit unions had apparently been authorized to charge one percent per month on the unpaid balance of first mortgage loans.   The Legislature recognized this in the title of Acts 1969, 61st Leg., R.S., ch. 186, p. 540, which replaced the old credit union statute with the new Texas Credit Union Act.   The title read:

> An Act relating to the organization and regulation
> of credit unions; reducing the interest to be charged
> on loans secured by real estate; repealing certain
> laws; and declaring an emergency.   (Emphasis added)

Also see, V. T. C. S., art. 5069-2.05 of the Texas Consumer Code enacted in 1967, and the former V. T. C. S., art. 2462, sec. 5.

We are thus compelled to conclude that the deletion of the reference to real estate loans by the 1973 amendment restored to credit unions their authority to charge a higher rate of interest for real estate loans.   The Legislature must have intended that real estate loans made by credit unions once again were to be subject to the article 2461-15(e) maximum rate of one percent per month of the unpaid monthly balance.

## SUMMARY

One percent per month on the unpaid monthly balance is the maximum rate of interest which may be charged by state chartered credit unions on first mortgage real estate loans.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee